TORPY, C.J.,
concurring.
I fully concur in the majority opinion. The police were in a no-win situation. On the one hand they were criticized because there was no actual emergency. On the other hand, had there been an actual medical emergency, they would have been criticized for failing to investigate.
In any event, this is not a situation where the exclusionary rule is appropriate. As The Supreme Court has made clear, “[t]o trigger the exclusionary rale, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system. [T]he exclusionary rule serves to deter deliberate, reckless, or grossly negligent conduct .... ” Herring v. United States, 555 U.S. 135, 144, 129 S.Ct. 695, 172 L.Ed.2d 496 (2009) (emphasis added). Even assuming a violation of the Fourth Amendment here, nothing in the police conduct rises to the level where exclusion of the evidence can be justified under this standard.